COUNTY PRINCIPAL AND COUNTY SUPERINTENDENT CANNOT BE SAME PERSON An individual cannot simultaneously hold a position in the same county as principal of a dependent school district and county superintendent of schools. The Attorney General has had under consideration your recent inquiry in which you state as follows: "Can a person simultaneously hold a position in the same County as Principal of a Dependent School District, and County Superintendent of Schools where he meets all of the qualifications for the latter position?" Title 70 O.S. 34 [70-34] (1961), specifies the powers and duties of the county superintendent of schools and provides in pertinent part as follows: "The county superintendent of schools shall have general administrative direction and supervision of the schools of all dependent districts in the county. . . . In addition thereto he shall have the following specific powers and duties: "a. To approve all contracts of teachers and other personnel under his supervision and to keep on file in his office a copy of each such contract for the entire term the contract is in force. . "c. He or his deputies shall visit all the schools under his supervision as often as is necessary but not less than twice during each school term and shall advise with the teachers thereof relative to the classification of pupils, methods of instruction, the condition and upkeep of the school building or buildings, equipment, and grounds. He shall at least once each year make a written report to the State Board of Education on the condition of the schools in his county and list his recommendations for improvement. . . . "d. He shall keep a complete record of his official acts and the registers of all teachers and principals employed under his supervision. "e. It shall be his duty to require of all teachers and principals under his supervision the filing of complete and accurate reports at the end of each attendance period and at the end of each school year. These reports shall be kept on file in the office of the county superintendent of schools and shall be the basis of all statistical reports required by the State Board of Education. "f. He shall make an annual statistical and financial report of all schools under his supervision and file such report with the State Board of Education at the time requested and on blank forms prescribed by the State Board of Education. A copy of each such report shall be kept in a bound book and shall constitute permanent records in the office of the county superintendent of schools. "g. He shall make apportionments of public funds to which the school districts of his county are entitled when not otherwise provided by law." Title 70 O.S. 4-1 [70-4-1] (1961), provides for independent and dependent school districts and states as follows: "All school districts in Oklahoma, now in existence or which may hereafter be created, shall be designated only as independent school districts or dependent school districts. Independent school districts shall be under the supervision and the administration of the respective boards of education thereof. Dependent school districts shall be under the supervision of the county superintendent of schools and the administration of the respective district boards of education." From the above statutory language, it can be readily seen that a person occupying the dual position mentioned in your inquiry would be in direct conflict with himself in many respects. For example, in the position of principal of a dependent school district he would be under his own supervision when he also occupied the position of county superintendent of schools. As county superintendent of schools he would be in the position of approving his own contract as principal of a dependent school district. It is also interesting to note that 70 O.S. 6-2 [70-6-2] (1961), which specifies the procedure for dismissal of school teachers provides in pertinent part as follows: "In the case of a teacher in a dependent school district the hearing shall be before the county superintendent of schools and the board of education of the district in which the teacher is employed. . . . In all cases a majority vote of those constituting the board, before which said hearing is held, shall be required in order to convict the teacher charged and in dependent school districts the county superintendent of schools must concur." Since a principal is defined as a teacher under the school code, a person occupying the dual position mentioned in your inquiry could act in the capacity as judge over his own case of dismissal. These conflicts between both positions occupied and duties performed would be entirely improper. 43 Am. Jur. Public Officers 266, provides in pertinent part as follows: "A public officer owes an undivided duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose himself to temptation of acting in any manner other than in the best interests of the public. . . . One of the most familiar applications of this doctrine is the rule which prevents an officer from having an adverse interest in any contract which he executes on behalf of the public. A member of a board . . . cannot validly sit in judgment on his right to office or the emoluments thereof." Since the County Superintendent of Schools is a public officer, his actions in this dual capacity would subject himself to conflicting duties not in the best interests of the public. It is, therefore, the opinion of the Attorney General that an individual cannot simultaneously hold a position in the same county as principal of a dependent school district and county superintendent of schools. (Gary F. Glasgow) (Ed note: Dual office holding, 51 O.S. 6 [51-6] ** SEE: OPINION NO. 72-271 (1972) **